IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:  COREY RENEE TATE  CASE NO. 20-50491-KMS
PAMELA CHERRYE TATE, Debtors  CHAPTER 13

**PAMELA CHERRYE TATE, Plaintiff**

v.  AP No. _____

**Cash Cow / EZ Cash, Defendant**

## COMPLAINT TO TURNOVER VEHICLE TITLE, FOR SANCTIONS AND FOR DAMAGES

Comes now the Debtors, Pamela Cherrye Tate, by and through her attorney, and brings this her COMPLAINT to Require Cash Cow / EZ Cash to Turnover Vehicle Title, for Sanctions and for Damages, and in support thereof would show unto the Court the following:

1. Plaintiff Pamela Cherrye Tate is the debtor in the above referenced bankruptcy case filed in this district.
2. Defendant Cash Cow/EZ Cash operates as a business under the name Southern Fast Loans of Mississippi, Inc. with a principal place of business in Mississippi. They may be served with process at Southern Fast Loans of Mississippi, Inc., c/o CT Corporation System. 645 Lakeland East Dr, Ste 101, Flowood, MS 39232.
3. Defendant Cash Cow/EZ Cash may also be noticed through it's legal department pursuant to a claim filed in the underlying bankruptcy cause at Cash Cow/ EZ Cash c/o Lega Dept, 8601 Dunwoody Place Ste 406, Atlanta, GA 30350.
4. That the Debtor filed a chapter 13 under the bankruptcy code on 3/12/2020.
5. On 11/19/2024 this Court entered an order granting Plaintiff a discharge.
6. That Cash Cow / EZ Cash had a secured lien on the debtor's 2004 Oldsmobile Allero ("Vehicle").
7. Pursuant to the Confirmed Plan in the above referenced Case (dk 20) and the Chapter 13 Trustee's Final Report and Account (dk 42), Cash Cow / EZ Cash was paid approximately $2,182.44 for debtors 2004 Oldsmobile Allero and $50.04 on an unsecured claim.

8. The title to the Vehicle ("Vehicle Title") is property of the bankruptcy estate.
9. Upon information and belief, Defendant is in possession, custody, or control of the Vehicle Title.
10. Plaintiff has requested that Defendant turn over the Vehicle Title, but Defendant has failed to do so.
11. The Vehicle Title is not of inconsequential value or benefit to the estate, as it represents ownership of the Vehicle, which is a valuable asset.

CLAIM FOR RELIEF – TURNOVER OF PROPERTY OF THE ESTATE 11 U.S.C. §542(a)

12. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 10 as if fully set forth herein.
13. The Vehicle Title became property of the bankruptcy estate upon the filing of Plaintiff's bankruptcy petition.
14. Defendant is in possession, custody, or control of the Vehicle Title.
15. Upon information and belief, Defendant has retained possession of the Vehicle Title despite Plaintiff's discharge in bankruptcy.
16. Plaintiff's counsel has mailed correspondence to Defendant demanding turnover of the title on or about 3/18/2025.
17. The Vehicle Title is necessary for Plaintiff to establish clear ownership of the Vehicle and to potentially sell the Vehicle.
18. Defendant's failure to turn over the Vehicle Title violates 11 U.S.C. §542(a).

CLAIM FOR RELIEF – VIOLATION OF THE DISCHARGE INJUNCTION UNDER 11 U.S.C. §1328(a)

19. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 18 as if fully set forth herein.
20. Defendant has demanded payment of $365.86 on a payday loan, and $81.88 on a title loan before turnover of the Vehicle Title.
21. Both of the amounts being demanded were discharged in the debtor's bankruptcy case.
22. This action is an attempt to coerce payment on a discharged debt, which is prohibited.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court set this motion for hearing as soon as possible and that this Court find that

(a) the Defendant be found to turnover preparty of the estate and be found in willful violation of the discharge injunction

(b) the Defendant be required to pay all attorney's fees and all costs for this complaint having to be brought, and reimburse Plaintiff for all damage incurred by Defendant's action, and further sanction Defendant for its willful action with punitive damages.

(c) The Court grant such further and additional relief to which Plaintiff may be entitled under the circumstances.

THIS, June 18, 2025.

                                        Respectfully submitted,

                                        Pamela Cherrye Tate

                                  BY:    /s/ Thomas C. Rollins, Jr.

                                        Thomas C. Rollins, Jr.

Thomas C. Rollins, Jr. (MSBN 103469)
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
601-500-5533